IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIDELITY & DEPOSIT COMPANY ) | |
| OF MARYLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:06-CV-92 |
| ) | |
| DONALD WILLSON d/b/a ) | |
| WILLSON'S NURSERY & ) | |
| LANDSCAPE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Donald Willson d/b/a Willson's Nursery & Landscape Company, on May 11, 2006. For the reasons set forth below, this motion is **TAKEN UNDER ADVISEMENT**. Plaintiff is **ORDERED** to show cause why this matter should not be dismissed for lack of subject matter jurisdiction, on or before October 13, 2006. Defendant's response, if any, shall be filed on October 20, 2006. Plaintiff's failure to follow this order may result in dismissal of this case for lack of subject matter jurisdiction.

BACKGROUND

On March 15, 2006, Plaintiff, Fidelity & Deposit Company of Maryland, filed a complaint against Defendant based upon Defendant's

alleged breach of an agreement of indemnity. The parties agree that Plaintiff is organized under the laws of Maryland with its principal place of business in Maryland (Compl. ¶ 1; Answer ¶ 1); Defendant is a citizen of Indiana, doing business as Willson's Nursery, with a principal place of business in LaPorte, Indiana (Compl. ¶ 2; Answer ¶ 2); and the amount in controversy exceeds $75,000. (Compl. ¶ 19; Answer ¶ 19). The parties also acknowledge that the agreement of indemnity surrounded Willson's contract for services in Crown Point, Indiana. (Compl. ¶¶ 7-13; Answer ¶¶ 7-13)

Despite the parties' relative agreement on the aforementioned facts, Defendant has filed the instant motion seeking to dismiss the complaint for lack of diversity jurisdiction or, in the alternative, to transfer venue to the South Bend Division of the Northern District of Indiana.

DISCUSSION

For the purpose of analyzing Defendants' Rule 12(b)(1) claims, the following standards apply. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements

have been met.  *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).  With these legal principles in mind, the Court turns to the instant motion.

While Defendant has flatly stated there is a lack of diversity of citizenship between the parties, Defendant has failed to explain precisely why or how diversity is lacking.  Despite this glaring omission, as Defendant is acting pro se, the Court will liberally construe this argument and discern whether diversity does, in fact, exist.  See e.g. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997)(recognizing the familiar principle that pro se filings are construed liberally).  Under Title 28 U.S.C. section 1332, this Court has subject matter jurisdiction over claims through diversity of citizenship when the matter in controversy exceeds $75,000 and is between citizens of different states.  There is no dispute that Defendant is a citizen of Indiana and the matter in controversy exceeds $75,000.  What is in dispute is Plaintiff's citizenship.

It is a plaintiff's burden to prove diversity of citizenship jurisdiction exists. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000).  In its complaint and subsequent filings, Plaintiff has failed to annunciate whether it is a corporation or some other

-3-

unincorporated business entity. All Plaintiff states is that it is "organized under the laws of Maryland with its principal place of business in Maryland." However, as the Court is unaware of whether Plaintiff is a corporation or other unincorporated business entity, this does little to establish jurisdiction. Indeed, while a corporation is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), unincorporated business entities are generally deemed citizens of every partner or member they may have. *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Simply, the record is insufficient to allow this Court to discern whether Plaintiff is a corporation or some other unincorporated business entity. With this question pending, the Court is unable to provide a proper jurisdictional analysis.

CONCLUSION

For the reasons set forth above, this motion is **TAKEN UNDER ADVISEMENT**. Plaintiff is **ORDERED** to show cause why this matter should not be dismissed for lack of subject matter jurisdiction, on or before October 6, 2006. Defendant's response, if any, shall be filed on

October 13, 2006.  Plaintiff's failure to follow this order may result in dismissal of this case for lack of subject matter jurisdiction.

**DATED:  September 28, 2006**          /s/RUDY LOZANO, Judge
                                        **United States District Court**