IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIDELITY & DEPOSIT COMPANY ) | |
| OF MARYLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:06-CV-92 |
| ) | |
| DONALD WILLSON d/b/a WILLSON'S ) | |
| NURSERY & LANDSCAPE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Donald Willson d/b/a Willson's Nursery & Landscape Company, on May 11, 2006. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On March 15, 2006, Plaintiff, Fidelity & Deposit Company of Maryland, filed a complaint against Defendant based upon Defendant's alleged breach of an agreement of indemnity. Concerning jurisdiction, the parties agree that Plaintiff is organized under the laws of Maryland with its principal place of business in Maryland (Compl. ¶ 1; Answer ¶ 1); Defendant is a citizen of Indiana, doing business as Willson's Nursery, with a principal place of business in LaPorte, Indiana (Compl. ¶ 2; Answer ¶ 2); and the amount in controversy

exceeds $75,000.   (Compl. ¶ 19; Answer ¶ 19).   As to venue, the parties acknowledge that the agreement of indemnity surrounded Willson's contract for services in Crown Point, Indiana.   (Compl. ¶¶ 7-13; Answer ¶¶ 7-13)

Despite the parties relative agreement on the material facts, Defendant filed the instant motion seeking to dismiss the complaint for lack of diversity jurisdiction or, in the alternative, to transfer venue to the South Bend Division of the Northern District of Indiana.

DISCUSSION

For the purpose of analyzing Defendants' Rule 12(b)(1) claims, the following standards apply.   Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction.   Jurisdiction is the "power to decide" and must be conferred upon a federal court.   *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).   When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met.   *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).   In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.   *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).   With these legal principles

in mind, the Court turns to the instant motion.

Under Title 28 U.S.C. section 1332, this Court has subject matter jurisdiction over state law claims through diversity of citizenship when the matter in controversy exceeds $75,000 and is between citizens of different states. It is a plaintiff's burden to prove diversity of citizenship jurisdiction exists. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000). After Plaintiff's supplemental filing, the Court finds Plaintiff has met this burden.

A corporation is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff is a citizen of Maryland, both being organized under the laws of Maryland and having its principal place of business there. (Aff. Kilburn ¶ 3; Compl. ¶ 1; Answer ¶ 1). In contrast, Defendant is a citizen of Indiana. (Compl. ¶ 2; Answer ¶ 2). The amount in controversy exceeds $75,000. (Compl. ¶ 19; Answer ¶ 19). Thus, this Court has jurisdiction pursuant to diversity of citizenship.

Alternatively, Defendant requests this Court to transfer venue from the Hammond Division to the South Bend Division of the Northern District of Indiana. Venue is governed by 28 U.S.C. section 1391. Section 1391(a)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated." Moreover, pursuant to 28 U.S.C.

section 94, the Hammond Division of the Northern District of Indiana includes Lake County, Indiana. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a).  According to the pleadings, substantial parts of the events or omissions giving rise to the complaint occurred in Lake County, Indiana.  Defendant has failed to show any reason to justify transferring this action to the South Bend division.  Therefore, this Court finds venue is proper in the Hammond Division of the Northern District of Indiana.

CONCLUSION

    For the reasons set forth above, this motion is **DENIED**.


**DATED:   October 26, 2006**           /s/RUDY LOZANO, Judge
                                               **United States District Court**